UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEVERLY BALLETTO,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN HONDA MOTOR CO., INC.,<br><br>Defendant. | Case No. 23-cv-01017-JSW<br><br>**ORDER GRANTING MOTION TO DISMISS, WITH LEAVE TO AMEND, AND SCHEDULING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 14 |

Now before the Court for consideration is the motion to dismiss filed by Defendant American Honda Motor Co., Inc. ("Honda"). The Court has considered the parties' papers, relevant legal authority, and the record in this case. For the reasons that follow, the Court GRANTS Honda's motion to dismiss, with leave to amend.

**BACKGROUND**

In April 2022, Plaintiff Beverly Balletto ("Balletto") visited Honda's website and used the website's "Chat" function, a software service provided by third-party Salesforce, Inc. (Compl. ¶¶ 1, 4, 9.) "Chat is an Application Programming Interface (API) that can be 'plugged into' an existing website. The Chat API is run from Salesforce web servers but allows for chat functionality on" Honda's website. (*Id.* ¶ 10; *see also id.* ¶¶ 11-13.) Balletto alleges that Chat needs to run on Salesforce servers "because Salesforce analyzes the customer-support agent interactions in real time to create live transcripts of communications as they occur[.]" (*Id.* ¶ 13; *see also id.* ¶¶ 14-21.) Balletto alleges that the Chat API "functions as a wiretap" and alleges that Honda aided Salesforce in intercepting Balletto's electronic communication with Honda without her consent. (*Id.* ¶¶ 23-33.)

The Court will address additional facts as necessary in the analysis.

**ANALYSIS**

**A.      Applicable Legal Standards.**

Under Rule 12(b)(6), a court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The Court should grant leave to amend, unless amendment would be futile. *See, e.g., Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

**B.      The Court Grants the Motion, with Leave to Amend.**

Balletto brings a single claim on behalf of herself and a putative class for alleged violations of California's Invasion of Privacy Act ("CIPA"), California Penal Code section 631. CIPA penalizes "three distinct and mutually independent patterns of conduct," including "willfully attempting to learn the contents or meaning of a communication in transit over a wire" and individuals or entities who aid, agree, employ, permit, or conspire with another to violate CIPA. *See Tavernetti v. Sup. Ct.*, 22 Cal. 3d 187, 192 (1978); Cal. Pen. Code § 631(a). CIPA also exempts a party to a conversation from liability. *See In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 607 (9th Cir. 2020) (citing *Warden v. Kahn*, 99 Cal. App. 3d 805, 811 (1979)). Because Honda cannot be liable for "willfully attempting to learn the contents or meaning" of Balletto's Chat communication, Balletto alleges Salesforce engaged in that conduct. She posits Honda is liable because it aided, agreed, employed, permitted, or conspired with Salesforce to do

so.

Two seminal cases guide the Court's analysis: *Rogers v. Ulrich*, 52 Cal. App. 3d 894 (1975) and *Ribas v. Clark*, 38 Cal. 3d 355 (1985). In *Rogers*, the plaintiff alleged the defendant violated CIPA by using a tape recorder jack to record their telephone conversation without the plaintiff's knowledge. 52 Cal. App. 3d at 897-98. The Court of Appeals held the defendant did not violate CIPA. It reasoned that CIPA was designed to prevent eavesdropping and invasions of privacy and that purpose "suggested participant recording was not meant to be included. … It is never a secret to one party that the other party is listening to the conversation; only a third party can listen secretly to a private conversation." *Id.* at 599.

In contrast, the facts in *Ribas* presented a classic case of secret eavesdropping that did violate CIPA. There, the plaintiff's ex-wife asked the defendant to listen in on a telephone conversation with her and the plaintiff. When the plaintiff's ex-wife initiated an action to set aside the divorce, the defendant testified about what she had heard. 38 Cal. 3d at 358. The California Supreme Court held the defendant's conduct was "a prima facie violation of" CIPA. *Id.* at 360. It rejected the proposition that CIPA was limited to wiretaps, reasoning that "a substantial distinction has been recognized between the secondhand repetition of the contents of a conversation and its simultaneous dissemination to an unannounced second auditor, whether that auditor be a person or mechanical device." *Id.* at 360-61. Thus, the issue here is whether Balletto has alleged facts to show Salesforce's Chat service "is more akin to the tape recorder in *Rogers*, held by [Honda], or the friend in *Ribas* (in which case, [Honda] is the wife who allowed [Salesforce] to listen in)." *Javier v. Assurance IQ, LLC,* -- F. Supp. 3d --, No. 20-cv-02860-CRB, 2023 WL 114225, at *5 (N.D. Cal. Jan. 5, 2023); *see also Swarts v. Home Depot, Inc.*, No. 23-cv-995, 2023 WL 5615453, at *7 (N.D. Cal. Aug. 30, 2023).

District courts within this Circuit have come to different conclusions on this issue. *Compare Swarts,* 2023 WL 5615453, at *8 (finding allegations showed the "third parties are more akin to the tape recorder in *Rogers*"); *Williams v. DDR Media, LLC*, No. 22-cv-03789-SI, 2023 WL 5352896, at *4 (N.D. Cal. Aug. 18, 2023) (same); *Williams v. What If Holdings, LLC*, No. 22-cv-03780-WHA, 2022 WL 17869275, at *3 (N.D. Cal. Dec. 22, 2022) (same); *Graham v. Noom,*

3

*Inc.*, 533 F. Supp. 3d 823, 833 (N.D. Cal. 2021) (same), *with Garcia v. Yeti Coolers, LLC*, No. 23-cv-02643-RGK-RAO, 2023 WL 5736006, at *3-*4 (C.D. Cal. Sept. 5, 2023) (finding plaintiff alleged facts to show third party like wife's friend in *Ribas*); *Valenzuela v. Nationwide Mut. Ins. Co.*, -- F. Supp. 3d --, No. 22-cv-06177-MEMF-SK, 2023 WL 5266033, at *4-*5 (C.D. Aug. 14, 2023) (same); *Javier*, 2023 WL 114225, at *6 (same).

Honda argues that the first line of cases demonstrate that Balletto must plead facts to show it used information gained from the Chat function for its own pecuniary benefit. Balletto argues that "use" is not required. The Court finds Balletto has the better argument. CIPA also penalizes anyone who "uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information" obtained by a violation of second prong. The *Javier* court reasoned that to adopt a "use" requirement to establish a violation of CIPA's second prong "would add requirements that are not present (and swallow the third prong in the process)." 2023 WL 114225 at *6.

The *Javier* court also reasoned that the "*Ribas* Court did not consider the wife's friend's intentions or the use to which they put the information they obtained. Instead, it emphasized the privacy concerns at issue with having an 'unannounced second auditor' listening in on the call, when Section 631 concerns 'the right to control the nature and extent of the firsthand dissemination of [their] statements." *Id.* (quoting *Ribas*, 38 Cal. 3d at 360-61). The *Javier* court determined that there were two ways to come to the conclusion that the third party was not an "unannounced second auditor." *Id.* The first way was if the third party "does not have the *capability* to use its record of the interaction for any other purpose (just as a tape recorder has no independent capability to divulge the recording for any other purpose but that of its owner)." *Id.* (emphasis in original); *accord Swarts*, 2023 WL 5615453, at *7; *Yockey v. Salesforce, Inc.*, No. 22-cv-9067-JST, 2023 WL 5519323, at * 5 ("the inquiry turns on the more granular question of whether the third party 'ha[s] the *capability* to use its record of the interaction for any other purpose') (quoting *Javier*, 2023 WL 114225, at *6). The Court finds this reasoning persuasive and asks whether Balletto has alleged Salesforce has *the capability* to use the information it gained for any other purpose.

In *Javier*, the plaintiff alleged the third party, Active Prospect, monitored, analyzed, and stored information "about visits to Assurance's websites, and that Active Prospect can use that information for other purposes[.]" *Id.* Accordingly, the court concluded he stated a claim. In *Yockey,* the plaintiff visited websites run by Kaiser Permanente and Rite Aid, which also used Salesforce's Chat function. 2023 WL 5519323, at *1. The plaintiff alleged that Chat was run from Salesforce web servers and alleged that Salesforce directly received electronic communications of visitors to its client's websites and analyzed "customer-support agent interactions in real time to create live transcripts of communications." *Id.* at *5. The court concluded that the plaintiff's allegations about Salesforce and the Chat function did not support "a reasonable inference that Salesforce has the capability to use these communications for any purpose other than furnishing them to Kaiser." *Id.*

Balletto's allegations here are not materially different from the plaintiff's allegations in *Yockey*, although she also alleges that "[t]here is no mention that Salesforce is also surveilling or receiving the electronic communications." (Compl. ¶ 11.) The latter allegation does not include facts that would give rise to a reasonable inference that Salesforce has the capability of using the communications for any purpose. The Court concludes that Balletto, like the plaintiff in *Yockey*, alleges that Chat "is therefore more akin to the tape recorder in *Rogers*." Accordingly, she fails to state a claim. Because the Court cannot say it would be futile, the Court will grant Balletto leave to amend this claim.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Honda's motion to dismiss, with leave to amend. Balletto may file and serve an amended complaint by no later than November 15, 2023, and Honda shall answer or otherwise respond by December 6, 2023.

//
//
//
//
//

The parties shall appear for an initial case management conference on January 26, 2024 at 11:00 a.m., and they shall file a joint case management conference statement by January 19, 2024.

**IT IS SO ORDERED**.

Dated: October 24, 2023

_____
JEFFREY S. WHITE
United States District Judge